# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                     )<br>                Plaintiff,    )<br>                                     )<br>v.                                     )<br>                                     )<br>ANDRE GRAHAM,    )<br>                                   )<br>              Defendant.    )<br>_____) | Case No. 07-cr-40048-JAR |

## **ORDER**

On June 8, 2008, Defendant Andre Graham pleaded guilty to one count of possession with the intent to distribute approximately 30.33 grams of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1) — Count 3 of the Indictment — and one count of possession of a firearm during and in relation to a drug trafficking crime in violation of 21 U.S.C. § 924(c)(1)(A) — Count 5 of the Indictment. Before sentencing, Defendant moved to withdraw his guilty plea, but the Court denied his motion. On May 4, 2009, the Court sentenced him to 84 months' imprisonment on Count 3 and 60 months on Count 5, to be served consecutively. Defendant appealed but the Tenth Circuit dismissed the appeal on Defendant's motion. Defendant then filed a motion for relief under 28 U.S.C. § 2255. The Court denied his motion on January 31, 2011. The Court also denied Defendant a certificate of appealability, as did the Tenth Circuit. Defendant then filed a petition for writ of certiorari, which the United States Supreme Court denied on April 16, 2012. The Supreme Court also denied Defendant's petition for rehearing.

This matter now comes before the Court on Defendant's Motion for Order to Obtain Transcripts and Records (Doc. 118) and Motion for Order to Obtain Copies of Additional

Pleadings (Doc. 119). Defendant requests a copy of transcripts and other court documents free of charge. But because Defendant has no pending § 2255 motion, his request is not properly before the Court and the Court must deny it.

The exclusive provision governing requests by indigent prisoners for free transcripts is 28 U.S.C. § 753(f).[1] "Under 28 U.S.C. § 753(f), an indigent defendant is entitled to have the government pay the fees for a copy of his transcripts in a § 2255 proceeding only if he demonstrates that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."[2] In any other appeal, the defendant must show that the appeal presents a substantial question before a free transcript is available.[3] "Moreover, a habeas corpus petition must be filed to trigger the statute that explicitly grants indigent habeas corpus petitioners 'documents' or 'parts of the record' without cost."[4]

Here, Defendant requests transcripts and documents free of charge but has no petition pending, as the Court denied his petition and the Supreme Court denied his petition for writ of certiorari. Further, Defendant does not explain why transcripts and documents are needed. As a result, Defendant has not met the requirements of § 753(f) for free transcripts. And he has not met the requirements of § 2250 for free documents or parts of the record because he does not have a habeas petition pending. Thus, the Court denies his motions at this time.

If the Defendant requests, however, he can obtain copies of the record and transcript at

---

[1] *See Sistrunk v. United States*, 992 F.2d 258, 260 (10th Cir. 1993).

[2] *Id.* at 259.

[3] 28 U.S.C. § 753(f).

[4] *United States v. Lewis*, 37 F.3d 1510, 1994 WL 563442, *1 (10th Cir. Oct. 14, 1994) (citing 28 U.S.C. § 2250; *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)).

his own expense. For example, the Clerk of the Court will make copies of specifically requested documents in exchange for a fee of 10 cents per page. The Court directs the Clerk of the Court to send the docket sheet along with this Order to Defendant. Defendant may request any unsealed document filed in this matter and is directed to send any such request, along with the requisite fee, to the Clerk of the Court.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Order to Obtain Transcripts and Records (Doc. 118) and Motion for Order to Obtain Copies of Additional Pleadings (Doc. 119) are **DENIED**.

**IT IS SO ORDERED**.

Dated: June 20, 2012

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE